IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON LEE RILEY, )<br>)<br>    Petitioner, )<br>)<br>vs. )<br>)<br>RANDALL G. WORKMAN, Warden, )<br>)<br>    Respondent. ) | Case No. CIV-05-1458-R |

# **O R D E R**

The Petitioner, Jason Lee Riley, objects to the Report and Recommendation entered by United States Magistrate Judge Gary M. Purcell. The Court conducts a de novo review of those findings and recommendations to which the Petitioner objects.

In this proceeding, the Petitioner challenges his conviction from the District Court of Oklahoma County in Case Number CF-2003-1271 for Rape in the First Degree (four counts), Lewd Acts with a Child Under the Age of 16 (three counts), and Forcible Oral Sodomy (three counts). The Petitioner was convicted upon a plea of guilty to counts one, two, three, five, six and nine, and a plea of nolo contendere to counts four, seven, eight, and ten of the Information. He was sentenced to a term of imprisonment of forty years on counts one, two, nine and ten, and a term of imprisonment of twenty years on counts three, four, five, six, seven and eight, with all sentences suspended except for the first twenty-five years, and with all sentences to run concurrently. In connection with this plea, the sentencing court found the Petitioner, who was twenty years old at the time of his plea, to be eligible for imposition of an adult sentence with respect to those offenses occurring prior to the date the Petitioner turned eighteen years old. The Petitioner did not appeal his convictions or sentence.

On November 2, 2004, the Petitioner filed an application in state court for post-conviction relief, raising the same claims asserted in this proceeding. The state court denied the application on February 1, 2005, finding that the Petitioner's claims were procedurally barred from collateral review because the Petitioner had failed to raise them in a direct appeal, or to show cause for his failure to raise them on direct appeal. The court found, alternatively, that the claims were meritless.

The Petitioner appealed the denial of his post-conviction application to the Oklahoma Court of Criminal Appeals, and the appellate court affirmed, finding the Petitioner's claims to be procedurally barred from post-conviction review.[1]

In his petition for federal habeas corpus relief with this Court, the Petitioner raises the same claims asserted in his state court post-conviction application: 1) That he was sentenced to an improper length of time in counts six, seven, and eight due to a defect in the Information; 2) That his waiver of youthful offender status was not knowing and voluntary; and 3) That his sentence is contrary to the evidence presented at his sentencing hearing and is excessive.

As the Magistrate Judge explained, federal courts will not review claims that have been defaulted in state courts on an independent and adequate state procedural ground, unless the petitioner demonstrates cause for the procedural default and actual prejudice, or, alternatively, demonstrates that the failure to review the claim would result in a fundamental miscarriage of justice. *Coleman v. Thompson,* 501 U. S. 722 (1991); *Hickman v. Spears,* 160 F. 3d 1269, 1271 (10th

---

[1] The Court of Criminal Appeals found that all three of the Petitioner's claims could have been raised in a direct appeal, and that the Petitioner "presents this Court with no reason why he failed to timely seek to withdraw or otherwise appeal his convictions to this Court." The Court further found that the Petitioner had not demonstrated circumstances warranting a modification of his sentences under the state's Post-Conviction Procedure Act. The Court of Criminal Appeals subsequently denied the Petitioner's motion for a rehearing.

Cir. 1998). The Oklahoma Court of Criminal Appeals expressly relied on the state's procedural bar rule in denying th e Petitioner's post-conviction appeal.

The Petitioner argues that his claims are not procedurally barred because any direct appeal or motion to withdraw his guilty plea would have been denied. First, the Petitioner contends that an appeal or motion to withdraw his guilty plea would have been denied because his claims do not fall within the factors identified in *King v. State of Oklahoma,* 553 P. 2d 529 (Okla. Crim. App. 1976). As the Magistrate Judge explained, the court in *King* adopted procedures for the acceptance of a guilty plea, but did not, as the Petitioner contends, place limitations on a defendant's right to challenge a guilty plea. Next, the Petitioner contends that certain remarks by the sentencing judge demonstrate that a motion to withdraw his plea would have been denied.[2]

As the Magistrate Judge noted, the Oklahoma Court of Criminal Appeals expressly found in is order affirming the denial of the Petitioner's post-conviction application that the Petitioner could have raised his claims in a direct appeal. This interpretation of state law by the state court is binding on this Court. *Chapman v. LeMaster,* 302 F. 3d 1189, 1196 (10th Cir. 2002).

Furthermore, insofar as the Petitioner is claiming that he had no state court remedy for alleged jurisdictional defects in his convictions, this claim is wholly without merit, as Oklahoma law provides defendants with a right to appeal their plea-based convictions. The Court agrees with the Magistrate Judge's conclusion that the Petitioner's conscious decision not to file an appeal does not constitute cause for his procedural default. *Herrera v. Collins,* 506 U. S. 390, 404 (1993). The

---

[2]The sentencing judge stated:

> "[T]he fact that you received a sentence that you don't like or think it should be different is not grounds for withdrawing your plea of guilty. The legal grounds to withdraw a plea are that you did not knowingly and voluntarily enter a plea."

(Sentencing Transcript, p. 77).

Petitioner does not rely upon the fundamental miscarriage of justice exception to the procedural default doctrine.

Accordingly, the Report and Recommendation of the United States Magistrate Judge is hereby ADOPTED in its entirety. The petition for a writ of habeas corpus is hereby DENIED.

**IT IS SO ORDERED this 14th day of June, 2006.**

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE